```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

RICHARD ARLEN BURT,            :

    Plaintiff,             :

vs.                            :   CIVIL ACTION 05-0534-BH-M

CARLA WASDIN, et al.,          :

    Defendants.            :

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants' Motion to Dismiss for Failure to Prosecute or in the Alternative Failure to Comply with the Court's Order.  (Doc. 25)  It is recommended that the Motion be granted and that this action be dismissed with prejudice.[1]

Defendants Correctional Medical Services, Inc., Nurse Watson, Dr. Marc Sonnier, and Dr. Adolph Isom filed their Motion based on the Court's receipt of returned mail that was sent to Plaintiff at the last address that he had given the Court and upon their learning that Plaintiff has been released from the Bureau of Prison's custody.  (Doc. 25)  In the motion Defendants note two prior instances, October 6, 2005, and February 1, 2006, when Plaintiff advised the Court of a change in his address.  *See*

---

[1]This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) because Plaintiff is a federal prison inmate who filed a section 1983 action complaining about his conditions of confinement at the Mobile County Metro Jail.  Plaintiff has been proceeding *pro se* and *in forma pauperis* in this action.

Docs. 4 & 14.  These notifications were in keeping with the Court's directive to advise the Court of any change in address because the failure to notify the Court of a change would result in this dismissal of this action for failure to prosecute and to the Court's order.  (Docs. 1 & 8)  However, Plaintiff's copy of the Court's Order dated June 23, 2006, was returned to the Court with the notation "return to sender - unable to forward" even though it was sent to the last address that Plaintiff had given the Court.  (Doc. 24)  Despite having previously advised the Court of changes in his address, Plaintiff did not advise the Court of this last change in his address.  And Plaintiff knows that he must notify the Court of a change in his address in order to continue litigating his claim, as is evidenced by his actions in this action and his prosecution of numerous other actions filed in this Court and other courts.

Considering that Plaintiff's copy of the Court's Order was returned to the Court on July 7, 2006 (Doc. 24), and that there has been no subsequent contact from Plaintiff, the undersigned concludes that Plaintiff has abandoned the prosecution of this action.  The undersigned further notes that the last contact from Plaintiff was on February 1, 2006.  (Doc. 14)  Even though Plaintiff has not demonstrated an interest in continuing to prosecute this action for at least the past four months, his act of filing his complaint has caused the moving Defendants and

Defendant Tillman to respond to his complaint, by assisting in the preparation of an answer and special report, and to expend money for the retention of legal counsel.

In light of Defendants' expenditure of time and resources, and Plaintiff's contumacious conduct, the undersigned finds that Defendants' Motion (Doc. 25) is due to be granted for Plaintiff's failure to prosecute and to obey the Court's Order.  Accordingly, it is recommended that this action be dismissed with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as the appropriate sanction for Plaintiff's conduct in this action because no other lesser sanction will suffice.  *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op,* 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Hildebrand v. Honeywell, Inc.,* 622 F.2d 179, 181 (5th Cir. 1980).[2]

---

[2]The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the

fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 9th day of November, 2006.

                                             <u>s/BERT W. MILLING, JR.</u>
                                             UNITED STATES MAGISTRATE JUDGE